UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATHEW TATARAKIS,<br><br>   Plaintiff,<br><br> vs.<br><br>MERCED COUNTY, et al.,<br><br>   Defendants. | 1:23-cv-00879-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br> **AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDER**<br><br>**(ECF No. 3.)**<br><br>**OBJECTIONS, IF ANY, <u>DUE BY AUGUST 15, 2023</u>** |

**I. BACKGROUND**

 Mathew Tatarakis ("Plaintiff") is a prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 8, 2023. (ECF No. 1.)

 On June 13, 2023, the Court issued an order requiring Plaintiff to either pay the $402.00 filing fee for this action or submit an application to proceed *in forma pauperis*, within 45 days.

(ECF No. 3.) The 45-day deadline has now passed and Plaintiff has not paid the filing fee, submitted an application to proceed *in forma pauperis*, or otherwise responded to the Court's order.[1]

## II.     DISMISSAL FOR FAILURE TO COMPLY WITH COURT'S ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 8, 2023. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not resolve payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to pay the filing fee for this case or submit an application to proceed *in forma pauperis* that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a

---

[1] On June 26, 2023, the United States Postmaster returned the Court's order as undeliverable. (Court Record.) A notation on the envelope indicated, "Not in Custody." (Id.) Plaintiff has not notified the Court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

prisoner proceeding *pro se* who has not paid the filing fee nor submitted an application to proceed *in forma pauperis* , the Court finds monetary sanctions of little use, and given the early stage of these proceedings the preclusion of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

**III.     ORDER, RECOMMENDATIONS, AND CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case;

and

The Court **HEREBY RECOMMENDS** that:

1.  This case be dismissed, without prejudice, based on Plaintiff's failure to comply with the Court's order issued on June 13, 2023; and

2.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **On or before August 15, 2023**, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 27, 2023**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE